## WUERTH et al. v. ELECTROPURE SALES CORPORATION et al.

### Civil Action No. 852.

District Court, W. D. Pennsylvania.
April 23, 1942.

Leonard L. Kimball and Allen H. Berkman, both of Pittsburgh, Pa., for plaintiffs.

George Y. Meyer and Samuel G. Wagner, both of Pittsburgh, Pa., for defendants d. b. e. specially appearing.

Robert F. Levin, of Pittsburgh, Pa., for Harry J. Emmel, executor of estate of Houston Barnard.

GIBSON, District Judge.

The complainants allege that they are holders of Interim Certificates of the Electropure Corporation, "a defunct Delaware Corporation", which in turn was the holder of 51 per centum of the stock of the Electropure Sales Corporation, also a Delaware corporation. The holdings claimed by the plaintiffs were: J. F. Wuerth, 100 shares of preferred stock and 100 shares of common stock; Erwin Campbell, 300 shares of preferred stock and 300 shares of common stock, and 300 shares of preferred and 300 shares of common stock in the name of Fred Wurster, now deceased, and Harry J. Emmel, executor of the estate of Houston Barnard, intervening complainant, 100 shares of stock of Electropure Sales Corporation, and 1,502 shares of preferred stock of the Electropure Corporation and 1,552 shares of its common stock. Complainants allege that as stockholders of the Electropure Corporation, they are stockholders of the Electropure Sales Corporation, one of defendants. The complainants, Wuerth and Campbell, each allege that he is a stockholder of the Electropure Sales Corporation, Wuerth holding 10 shares and Campbell 29 shares of stock.

While the complaint appears to be a stockholders' bill, it fails to disclose any attempt to appeal to the officers or stockholders of the Sales Corporation to remedy the alleged wrongful transactions inside the corporation, as required by Rule 23 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint is replete with some facts and many conclusions alleged "on information and belief" which did not crystallize into evidence.

The Electropure Corporation is indeed "defunct". Its last appearance, prior to being raised from the grave in this action, was to receive some $10,800, 51 per centum of a fund in the hands of the Electropure Sales Corporation, after a proceeding in the Court of Common Pleas of Allegheny County, Pennsylvania.

The Electropure Sales Corporation owned a patent for the electropurification of milk. A number of licenses had been issued by it under the patent prior to 1936, and many difficulties arose from them. In that year it sold its patent, under conditions, to the Trumbull Electric Manufacturing Company. In compliance with those conditions, and in an attempt to satisfy certain of its complaining licensees, a considerable portion of the not large amount of cash in its hands was expended. These expenditures were not fraudulently made, but, at worst, may have been due to mistakes in business judgment in hanging on to the Company too long.

The assets of the Electropure Sales Corporation, at the time of hearing, consisted of about $250 in cash and two lawsuits. One of them, after judgment for the company was set aside, is now in a Pennsylvania appellate court for review. The other is a patent action in Delaware. Both of these cases have been prepared for trial by counsel for the Electropure Sales Corporation, and will be shortly heard. Under these circumstances the court would be lacking in discretion were it to appoint a receiver or grant any of the other prayers for relief—many of which ask for action beyond the jurisdiction of the court to grant in this action.

The complaint will be dismissed.